UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
WENDY BAEZ,

                Civil Action No._____

       Plaintiff,      **ACTION UNDER 29 U.S.C.§ 216(b)**

  -v.-

                **COMPLAINT**

MI PUEBLO CORP. (DBA Don Poli Market)
and LUCY PELAEZ, Individually,

       Defendants
------------------------------------------------------------X

    Plaintiff WENDY BAEZ, by and through her attorneys, STILLMAN LEGAL PC., brings this Action on behalf of herself and other similarly situated employees of Defendants MI PUEBLO CORP. and LUCY PELAEZ, Individually (collectively, the "Defendants") pursuant to the Fair Labor Standards Act ("FLSA"), 29 USC §§ 201 et seq., the New York Labor Law ("NYLL") § 650 et seq., as recently amended by the Wage Theft Prevention Act ("WTPA"), NYLL § 195(3), NYLL § 191, and related provisions from Title 12 of New York Codes, Rules, and Regulations ("NYCRR"), and alleges upon information and belief, as follows:

## **NATURE OF THE ACTION**

    1. This Complaint seeks to recover, inter alia, unpaid minimum wage compensation for Plaintiff, a former employee of Defendant MI PUEBLO CORP., a New York Corporation with offices at 32-49 Fulton St, Brooklyn, New York, and its principal, Defendant LUCY PELAEZ, where Plaintiff was employed primarily to pack items sold at "DON POLI MARKET."

    2. At all times relevant hereto, Defendants were required, under relevant New York State law, to pay and compensate Plaintiff at a minimum rate of $15.00 per hour

(the "minimum wage"); however, Plaintiff was only initially compensated at a rate of $13.00 per hour for 40 hours workweek, for her first three (3) months, which was later increased to $14.00 per hour.

3. Defendants' conduct extended beyond Plaintiff to all other similarly situated employees, and a t all times relevant to this Complaint, Defendants maintain a policy and practice of requiring Plaintiff and other employees to work without providing the minimum compensation required by federal and state law and regulations.

4. Plaintiff also brings this action under the Wage Theft Prevention Act for Defendants' failure to provide written notice of wage rates violating said laws. Moreover, at all relevant times, Defendants failed to maintain accurate record keeping as required by the FLSA and the NYLL.

5. Accordingly, Plaintiff now brings this Action on behalf of herself and those other similarly situated individuals for federal and state claims relating to unpaid minimum wages, unpaid overtime wages, unpaid spread-of-hours wages, failure to maintain records under the FLSA, 29 USC §§ 201 et seq., NYLL § 650 et seq., as recently amended by the WTPA, NYLL § 195(3), as well as those related provisions in Title 12 of the NYCRR.

6. In connection therewith, Plaintiff seeks compensatory damages, liquidated damages, spread of hours pay, pre-judgment and post-judgment interest, and attorneys' fees and costs, pursuant to the FLSA and NYLL.

7. Plaintiff further seeks certification of this action as an individual action on behalf of herself, individually pursuant to 29 U.S.C.§ 216(b).

## JURISDICTION AND VENUE

8. This Court has jurisdiction over this action under 28 USC § 1331, 29 USC §§ 216(b)(c), and 217; and 28 USC § 1337.

9. This Court has supplemental jurisdiction over the New York state law claims under the principles of pendent and ancillary jurisdiction pursuant to 28 USC § 1367.

10. This Court is empowered to issue a declaratory judgment pursuant to 28 USC §§ 2201 and 2202.

11. Venue is proper in the Eastern District of New York, pursuant 28 USC § 1391(b)(c), because Corporate Defendants reside in this District, Plaintiff resides in this District, and because all or a substantial part of the events or omissions giving rise to the claims occurred herein.

## PARTIES

### Plaintiff

12. Plaintiff WENDY BAEZ ("BAEZ") is and was at all times relevant hereto an individual residing in the county of Kings, in the City and State of New York.

13. MI PUEBLO CORP (DBA DON POLI MARKET) employed plaintiff BAEZ at its offices at 32-49 Fulton St, Brooklyn, from approximately March 2022 until December 20, 2022, where her primary work duty was to pack food for delivery.

14. At all times relevant hereto, Plaintiff BAEZ was a covered employee within the meaning of the FLSA and the NYLL.

15. Plaintiff consents to being named a party herein, pursuant to 29 USC § 216(b), and brings these claims based upon the allegations herein as representative parties of a prospective class of similarly situated individuals under 29 USC § 216(b).

### Defendants

16. Defendant MI PUEBLO CORP. is, upon information and belief, a duly organized New York Corporation with its principal place of business located at 32-49 Fulton St, Brooklyn, NY 11208.

17. Upon information and belief, Defendant MI PUEBLO CORP. is engaged in interstate commerce in that it relies heavily on products that have been transported across state lines and generates annual gross revenues above $500,000 per year, independent of excise taxes, for 2022, and were directly engaged in interstate commerce.

18. Upon information and belief, Defendant LUCY PELAEZ is the President, Chief Executive Officer, manager, principal, or agent of Defendant MI PUEBLO CORP.

19. Upon information and belief, and at all times relevant to the claims herein, Defendant LUCY PELAEZ possessed operational control over Defendant MI PUEBLO CORP. because of her ownership interest and/or control of significant functions of Defendant Corporation; that Defendant LUCY PALAEZ: (i) was known and referred to as "Boss" by Plaintiff and the other similarly situated employees of Defendant MI PUEBLO CORP; (ii) determined the wages and compensation of the employees of Defendants, including Plaintiff; and (iii) established Plaintiff's and other employees work schedules and work load; (iv) maintained employee records; (v) paid Plaintiff and the other employees their weekly wages; and (vi) possessed the authority to hire and fire employees.

20. Defendant LUCY PELAEZ acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2.

**COMMON FACTUAL ALLEGATIONS**
Defendants Constitute Joint Employers

21. Defendants owned and operated MI PUEBLO CORP., a corporate entity principally engaged in the restaurant business. At all relevant times, Defendants MI PUEBLO CORP. and LUCY PELAEZ possessed operational control over Defendant

Corporation; possessed an ownership interest in the Defendant Corporation, and/or controlled significant functions of Defendant Corporation.

22. As part of their regular business practice, Defendants intentionally, willfully, and repeatedly harmed Plaintiff WENDY BAEZ and the other class member employees by engaging in a pattern and/or policy of violating the FLSA. This pattern and/or policy includes, inter alia, the following:

a. failing to pay employees the applicable minimum rate for work performed for the first forty (40) hours per week;

b. failing to keep accurate records of hours worked by employees as required by the FLSA and NYLL.

23. Defendants have engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation. Defendants' unlawful conduct has been intentional, willful, and in bad faith and has caused significant damage to Plaintiff WENDY BAEZ and the other class members.

24. Defendant MI PUEBLO CORP., under the direct supervision and authority of Defendant LUCY PELAEZ, acted in the interest of the Defendants with respect to its employees, the rate of and method employee compensation was paid, and shared joint control over their employees.

25. At relevant times, Defendants MI PUEBLO CORP. and LUCY PELAEZ possessed substantial control over Plaintiffs' and other similarly situated employees' working conditions and over the policies and practices concerning the employment and compensation of Plaintiff, and all similarly situated individuals, referred to herein.

26. Defendants MI PUEBLO CORP. and LUCY PELAEZ jointly employed Plaintiff, and all similarly situated individuals and are Plaintiff's and all similarly situated individuals' employers within the meaning of 29 USC 201 et seq. and the NYLL.

25. Defendants MI PUEBLO CORP. and LUCY PELAEZ constitute a single employer of Plaintiff and/or similarly situated individuals, as any business divisions between them are fictional.

26. At all times relevant hereto, Defendants MI PUEBLO CORP. and LUCY PELAEZ were Plaintiff's employers within the meaning of the FLSA, NYLL and other applicable laws. Such Defendants had the authority and power to hire and fire Plaintiff, and other similarly situated employees, control the terms and conditions of their employment, including work assignments and hours, and determine the rate and method of any compensation in exchange for Plaintiffs' services. Indeed, Defendants supervised Plaintiff's work schedule and conditions of his employment.

27. Defendants further controlled, supervised, guided, and instructed what limited recordkeeping took place, which Plaintiff contends is deficient pursuant to FLSA and NYLL requirements.

**Plaintiff WENDY BAEZ**

31. From approximately March 2022 until December 20, 2022, Plaintiff WENDY BAEZ was employed without interruption by Defendants at their 32-49 Fulton St, Brooklyn, NY 11208 facility (Known as DON POLI MARKET), where Plaintiff WENDY BAEZ's work duties included packing and sorting.

32. Plaintiff WENDY BAEZ's work schedule was from 7:30 A.M until 4 P.M for the first three (3) months of her employment, and thereafter, later from 8:00 A.M until 4:00 P.M, Monday through Friday, for forty hours per week; there was no punch clock to record her working hours.

33. Plaintiff WENDY BAEZ was paid at a rate of $13 per hour for the first three months of employment, and after that, at $14 per hour, her approximate pay was $390 to $500 per week, paid by check.

34. Plaintiff WENDY BAEZ did not work at her convenience but was required to report to work in accordance with a work schedule devised by Defendants. Moreover, once scheduled for a shift, Plaintiff WENDY BAEZ did not come and go at her pleasure but rather was controlled by Defendants.

35. Plaintiff WENDY BAEZ was a covered employee within the meaning of the FLSA and the NYLL and was not exempt thereunder as her employment position and assignments were not "professional," "executive" or even "administrative" and did not require discretion nor independent judgment. Plaintiff WENDY BAEZ work is appropriately characterized as menial physical labor.

36. Plaintiff WENDY BAEZ regularly handled goods in interstate commerce and other items produced outside of the State of New York.

37. Plaintiff worked without appropriate minimum wages from the beginning and until the end of her employment with Defendants.

38. No notification, either in the form of posted notices or other means, was ever given to Plaintiff WENDY BAEZ regarding wages as required under the FLSA and NYLL.

39. Defendants did not provide Plaintiff WENDY BAEZ with each payment of wages an accurate statement of wages, as required by NYLL 195(3).

40. Defendants never provided Plaintiff WENDY BAEZ with written notice of his rate of pay, employer's regular payday, and such other information as required by NYLL §195(1).

### Defendants' General Employment Practices

40. As part of their regular business practices Defendants required Plaintiff WENDY BAEZ to work without paying Plaintiff the proper minimum wages as required by federal and state laws.

41. By such common policy and practice, Defendants violated Plaintiff's rights under the FLSA and New York Labor Law by not paying her the wages she was owed for the hours she had worked.

42. Defendants failed to post the statutorily required wage and hour posters and did not provide Plaintiff WENDY BAEZ with statutorily required wage and hour records or statements of pay received, in part so as to hide Defendants' violations of the wage and hour laws, and to take advantage of Plaintiff's relative lack of sophistication in wage and hour laws.

43. Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff worked, and to avoid paying Plaintiff properly for (i) her full hours worked, and (ii) minimum wages.

44. The NYLL and Wage Theft Prevention Act require employers to provide all employees with written notice of wage rates.

45. Throughout the relevant time period, Defendants paid Plaintiff WENDY BAEZ wages without providing accurate accompanying wage statements and/or annual pay notices required under NYLL §§195(1) and 195(3).

46. Defendants failed to provide Plaintiff WENDY BAEZ with <u>accurate</u> accompanying wage statements at the time of payment of wages, containing: the dates of work covered by that payment of wages; name of employee; the name of employer; address and phone number of the employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked, as required by NYLL §195(3).

## FIRST CAUSE OF ACTION
### (Violation of FLSA Minimum Wage/ Recordkeeping Provisions)

47. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

48. At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of the Fair Labor Standards Act, 29 USC § 203(d). Defendants had the power to hire and fire Plaintiff, control the terms and conditions of employment, and determine the rate and method of any compensation in exchange for his employment.

49. At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce, and as such constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 USC § 203 (r-s).

50. Defendants, in violation of the FLSA, failed to pay Plaintiff the applicable minimum wage, in violation of 29 U.S.C.§ 207 (a)(1).

51. Defendants' failure to pay Plaintiff minimum wage was willful within the meaning of 29 U.S.C.§ 255(a).

52. Defendants failed to satisfy the FLSA's recordkeeping requirements.

53. Defendants acted willfully in their violations of the FLSA's requirements.

54. Plaintiff (and the FLSA class members) seeks damages for her unpaid lawful minimum wages, liquidated damages as provided by the FLSA for wage violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
### (Unpaid Overtime Wages Under New York Labor Law)

55. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

56. Defendants, in violation of the NYLL § 190 *et seq.* and associated rules and

regulations, failed to pay Plaintiff minimum wages.

57. Defendants' failure to pay Plaintiff minimum wage was willful within the meaning of N.Y.Lab.Law § 663.

58. Due to Defendants' willful violations of the NYLL, Plaintiff WENDY BAEZ is entitled to recover from Defendants her unpaid minimum wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs and pre-judgment and post-judgment interest.

**THIRD CAUSE OF ACTION**
**New York Labor Law – Failure to Provide Notice at Time of Hiring**

59. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

60. Defendants failed to provide Plaintiff at the time of hiring or at any point thereafter, a notice containing the rate of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; the regular pay day designated by the employer; the physical address of the employer's main office or principal place of business; the telephone number of the employer, and anything otherwise required by law, in violation of NYLL § 195(1).

61. Due to Defendants' violations of the NYLL § 195(1), Plaintiff is entitled to recover from Defendants statutory damages of Fifty dollars ($50) per workday that the violation occurred, up to a maximum of Five Thousand Dollars ($5,000) pursuant to NYLL § 198 (1-b).

**FOURTH CAUSE OF ACTION**
**New York Labor Law – Failure to Provide Accurate Wage Statements**

62. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

63. Defendants have failed to provide Plaintiff with complete and accurate wage statements throughout her employment listing, *inter alia*, all her regular and any overtime hours of work, her rate of pay, and the basis of pay, in violation of NYLL § 195(3).

64. Due to Defendants' violations of the NYLL, Plaintiff is entitled to recover from Defendants' statutory damages of Two Hundred and Fifty dollars ($250) per workday that the violation occurred, up to a maximum of Five Thousand Dollars ($5,000), pursuant to NYLL § 198 (1-d).

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff WENDY BAEZ respectfully requests that this Court enter judgment against Defendants MI PUEBLO CORP. and LUCY PELAEZ, as follows:

a. Designation of this action as a collective action on behalf of the FLSA Class Members (asserting FLSA claims and state claims) and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

b. Declaring that Defendants' violation of the provisions of the FLSA was willful as to Plaintiff;

c. Declaring that Defendants have violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff;

d. Awarding Plaintiff liquidated damages in an amount equal to 100% of her damages for the amount of unpaid minimum wages, and

damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C.§ 216(b);

  e. Awarding Plaintiff damages for the amount of unpaid minimum wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

  f. Declaring that Defendants have violated the recordkeeping requirements of the NYLL with respect to Plaintiff' compensation, hours, wages; and any deductions or credits taken against wages;

  g. Awarding Plaintiff damages for the amount of unpaid minimum wages, damages for any improper deductions or credits taken against wages;

  h. Awarding Plaintiff liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage compensation shown to be owed pursuant to NYLL § 663 as applicable;

  i. Awarding Plaintiff pre-judgment and post-judgment interest as applicable;

  j. Awarding Plaintiff the expenses incurred in this action, including costs and attorney's fees; and

  k. All such other and further relief as the Court deems just and proper.

  l. An award of statutory damages for Defendants' failure to provide Plaintiff with wage notices at the time of her respective hiring, or at any point thereafter, pursuant to NYLL § 198 (1-b);

  m. An award of statutory damages for Defendants' failure to provide Plaintiff with complete and accurate wage statements pursuant to

NYLL § 198 (1-d);

 n. An award of pre-judgment interest of nine percent per annum (9%) pursuant to the New York Civil Practice Law and Rules §§ 5001-5004;

 o. An award of post-judgment interest pursuant to 28 U.S.C. § 1961 and/or the New York Civil Practice Law and Rules § 5003;

 p. Such other relief as this Court shall deem just and proper.

Dated: New York, New York
March 16, 2023

LINA STILLMAN, ESQ.

\_\_\_/s/ Lina Stillman_____
Lina Stillman, Esq.
Attorneys for Plaintiff
Stillman Legal, P.C.
42 Broadway, 12t Floor
New York, New York 10004
Tel (212) 203-2417
www.StillmanLegalPC.com