UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- x
WENDY BAEZ,

                                Plaintiff,

          -against-

MI PUEBLO CORP., LUCY PELAEZ, and ARIDIO SANTOS,

                              Defendants.

**REPORT & RECOMMENDATION**

23-CV-2097 (RER)(MMH)

-------------------------------------------------------------------- x
**MARCIA M. HENRY**, United States Magistrate Judge:

       Plaintiff Wendy Baez brings this wage and hour "collective" action against Defendants Mi Pueblo Corp. ("Mi Pueblo"), Lucy Pelaez, and Aridio Santos, alleging violations of the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 *et seq.* (the "FLSA"), and the New York Labor Law, Art. 6 §§ 190 and 650 *et seq.* (the "NYLL"). (*See generally* Am. Compl., ECF No. 8.)[1] The Court denied Plaintiff's first default judgment motion based on procedural and substantive deficiencies. *See generally Baez v. Mi Pueblo Corp.*, No. 23-CV-2097 (RER)(MMH), 2024 WL 4093473 (E.D.N.Y. Sept. 5, 2024) ("*Baez I*"), *adopted by* 2024 WL 4648138 (E.D.N.Y. Sept. 30, 2024) ("*Baez II*"). Before the Court is a declaration by Plaintiff's counsel, labeled as a "Request for Sum Certain Default Judgment" (the "Renewed Motion"), purportedly submitted pursuant to Federal Rule of Civil Procedure 55(b)(1). (*See generally* Renewed Mot., ECF No. 23.) The Honorable Ramon E. Reyes, Jr. construed the request as a

---

[1] All citations to documents filed on ECF are to the ECF document number and pagination in the ECF header unless otherwise noted. Citations to the Local Civil Rules are to the Rules effective July 1, 2024, the rules in effect when the instant motion was filed.

renewed motion for default judgment and referred the Renewed Motion for report and recommendation.

For the reasons set forth herein, the Court respectfully recommends that Plaintiff's Renewed Motion should be **denied with prejudice**.

I.     **BACKGROUND**

The Court assumes familiarity with Plaintiff's factual allegations and this case's procedural history as set forth in prior orders. *See Baez I*, 2024 WL 4093473, at *1–2; *Baez II*, 2024 WL 4648138, at *1. The Court mentions them here only as relevant to the instant motion.

Plaintiff sued her former employers "Mi Pueblo (DBA Don Poli Market)" and Pelaez in March 2023, alleging violations of the FLSA and NYLL. (*See generally* Compl., ECF No. 1 ¶¶ 47–64.) After amendment, the operative pleading asserts claims against Mi Pueblo, Pelaez, and Santos for failure to pay minimum wage under the FLSA and the NYLL and failure to provide wage statements and wage notices under the NYLL. (*See generally* Am. Compl., ECF No. 8.) Plaintiff timely served the Amended Complaint but no defendant answered or otherwise responded. (*See* Aff. of Service, ECF No. 12; Oct. 4, 2023 Order; Aff. of Service, ECF No. 16.) The Clerk of Court entered default against all Defendants on December 5, 2023, per Plaintiff's request. (Entry of Default, ECF No. 18.)

Plaintiff filed her first motion for default judgment on January 25, 2024 (the "First Motion"), seeking unpaid wages, liquidated damages, statutory damages, pre-judgment interest, attorneys' fees, and costs. (*See* Mem., ECF No. 19-1 at 15–17.) Judge Reyes referred the First Motion for report and recommendation. (Jan. 26, 2024 Order Referring Mot.) In a Report and Recommendation issued on September 5, 2024, the Court recommended that the

2

First Motion should be denied without prejudice because Plaintiff did not comply with the Servicemembers Civil Relief Act ("SCRA") or Local Civil Rule 55.2(b) and failed to plausibly allege an FLSA violation. *See Baez I*, 2024 WL 4093473, at *3–6. The Court also recommended that there should be no supplemental jurisdiction over Plaintiff's NYLL claims, and that Plaintiff should be given 30 days to further amend the pleadings to address the identified deficiencies. *See id.* at *6–7. Plaintiff did not object to the Report and Recommendation. On September 30, 2024, Judge Reyes adopted the Report and Recommendation in its entirety. *See Baez II*, 2024 WL 4648138, at *1.

On November 18, 2024—more than 30 days after Judge Reyes adopted the Report and Recommendation—Plaintiff's counsel filed a declaration captioned "Declaration . . . in Support of Request for Default Judgment by Clerk of the Court Pursuant to Fed. R. Civ. P. 55(b)(1)" (Renewed Mot., ECF No. 23 at 1), attaching a declaration executed by Plaintiff (Pl. Decl., ECF No. 23-1) and a proposed judgment (ECF No. 23-2). Judge Reyes construed the filing as a renewed motion for default judgment and referred it for report and recommendation. (*See* Nov. 19, 2024 Order Ref. Mot.)

## II. DISCUSSION

### A. Default Judgment Standard

Rule 55 of the Federal Rules of Civil Procedure dictates a two-step process for a party to obtain a default judgment. Fed. R. Civ. P. 55(a)–(b); *New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005); *Nam v. Ichiba Inc.*, No. 19-CV-1222 (KAM), 2021 WL 878743, at *2 (E.D.N.Y Mar. 9, 2021). *First*, when a party uses an affidavit or other proof to show that a party has "failed to plead or otherwise defend" against an action, the clerk shall enter a default. Fed. R. Civ. P. 55(a). If a claim is for "a sum certain or a sum that can be made certain by

3

computation," the clerk can enter judgment. Fed. R. Civ. P. 55(b)(1). *Second*, and "[i]n all other cases, the party must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2); *Gonzalez v. Victoria G's Pizzeria LLC*, No. 19-CV-6996 (DLI)(RER), 2021 WL 6065744, at *5 (E.D.N.Y. Dec. 22, 2021). To "enter or effectuate judgment" the Court is empowered to "(A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter." Fed. R. Civ. P. 55(b)(2).

The decision to grant or deny a default motion is "left to the sound discretion of a district court." *Shah v. New York State Dep't of Civ. Serv.*, 168 F.3d 610, 615 (2d Cir. 1999) (cleaned up). The Court must draw all reasonable inferences in favor of the movant. *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009). However, "'[a] default . . . only establishes a defendant's liability if those allegations are sufficient to state a cause of action against the defendant.'" *Double Green Produce, Inc. v. F. Supermarket Inc.*, 387 F. Supp. 3d 260, 265 (E.D.N.Y. 2019) (quoting *Taizhou Zhongneng Imp. & Exp. Co., Ltd. v. Koutsobinas*, 509 F. App'x 54, 56 (2d Cir. 2013)); *see also Nielsen v. J.C. Penny Co., Inc.*, No. 23-CV-5619 (JGLC)(JLC), 2024 WL 3518523, at *1 (S.D.N.Y. July 24, 2024) ("A district court is 'required to determine whether [plaintiff's] allegations establish [the defendant's] liability as a matter of law.'") (quoting *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 137 (2d Cir. 2011)).

Plaintiff requests that the Court of Clerk award default judgment pursuant to Rule 55(b)(1). (*See* Renewed Mot., ECF No. 23 ¶ 2). However, default judgment is not appropriate because the Court has already determined that the Amended Complaint fails to state a viable FLSA claim and that the Court should therefore decline to exercise jurisdiction over the remaining state law claims. *See Baez I*, 2024 WL 4093473, at *4–7. Because Plaintiff did not

4

correct the deficiencies identified in the Report and Recommendation, default judgment is not appropriate.

### B. Procedural Non-Compliance

In the Renewed Motion, Plaintiff continues to flout compliance with procedural requirements, starting with the SCRA. Pursuant to the SCRA, "'[i]n a default judgment action, a plaintiff is required to file an affidavit that states whether the defendant is serving in the military and must show necessary facts in support of the affidavit." *Baez I*, 2024 WL 4093473, at *3 (quoting *Lopez v. Metro & Graham LLC*, No. 22-CV-332 (CBA)(RER), 2022 WL 18809176, at *5 (E.D.N.Y. Dec. 16, 2022) (citing 50 U.S.C. § 3931(b)(1)), *adopted by* 2023 WL 2140418 (E.D.N.Y. Feb. 21, 2023), and citing, *inter alia*, *Morales v. Los Cafetales Rest. Corp.*, No. 21-CV-1868 (AMD)(RER), 2023 WL 375647, at *4 (E.D.N.Y. Jan. 3, 2023), *adopted by* 2023 WL 375642 (E.D.N.Y. Jan. 24, 2023)). Plaintiff still has not shown that Pelaez and Santos were not members of the armed forces at the time they were served with process, and fails to demonstrate the same as of the date of the Renewed Motion. As the Court stated in the Report and Recommendation, "[f]ailure to comply with these requirements is sufficient to deny default judgment." *Baez I*, 2024 WL 4093473, at *3 (citing *Windward Bora, LLC v. Ortiz*, No. 21-CV-4154 (MKB)(JMW), 2022 WL 3648622, at *5 (E.D.N.Y. July 5, 2022), *adopted by* 2022 WL 3647586 (E.D.N.Y. Aug. 24, 2022)).

Plaintiff also does not comply with Local Civil Rule 55.2(a), which requires any request for default judgment to attach, among other things, an affidavit or declaration showing that "the party against whom judgment is sought is not known to be a minor or incompetent person[.]" Loc. Civ. R. 55.2(a)(1)(C). "Failure to attach any of these documents to the motion could, in and of itself, be reason to deny a motion for default judgment." *Colledge v. Steelstone*

5

*Grp., LLC*, No. 22-CV-2873 (EK)(RER), 2023 WL 5152300, at *3 (E.D.N.Y. June 16, 2023), *adopted by* 2023 WL 5759191 (E.D.N.Y. Sept. 5, 2023) (denying motion for default judgment for plaintiff's failure to attach a copy of complaint or certificate of default although they could be found elsewhere on the docket). Here, Plaintiff has failed to attach any document addressing whether Pelaez and Santos are minors or incompetent persons, nor has she attempted to explain whether the omission was due to extenuating circumstances. The Court may not enter default judgment against minors or incompetent persons unless such persons are represented by a guardian. *See* Fed. R. Civ. P. 55(b). Further, while the Court has broad discretion to overlook certain procedural deficiencies, courts routinely deny motions for comparable procedural noncompliance. *See, e.g.*, *Liberty Mut. Fire Ins. Co. v. CitiMortgage, Inc.*, No. 20-CV-5839 (EK)(RER), 2022 WL 5424790, at *3 (E.D.N.Y. July 21, 2022), *adopted by* 2022 WL 4483396 (E.D.N.Y. Sept. 27, 2022) (denying motion for default judgment for, *inter alia*, plaintiff's failure to file a proposed form of default judgment).

Finally, the Renewed Motion does not include material facts and information necessary for consideration of Plaintiff's request. While counsel's declaration summarizes the procedural history of the case and Plaintiff's allegations, the declaration omits the First Motion and the Report and Recommendation and Order denying that motion. (*See* Renewed Mot., ECF No. 23 ¶¶ 5–8.) The declaration refers to an attached damages chart demonstrating that Plaintiff is owed $28,060.00 in damages, but does not attach a damages chart. (*See id.* ¶¶ 8, 14.) The declaration further seeks costs for $674.00, referencing an attached Exhibit I, which is also not attached. (*See id.* ¶ 21.) The declaration also states that "all documents in support of the request for default judgment . . . were mailed to Defendants" "[a]s evidenced by the annexed certificate of service (Exhibit J)" (*id.* ¶ 23), but does not actually "annex" a certificate

6

of service. Even assuming the Court could locate these documents in the entire record, "[t]hat some of the items demanded by [Local Civil] Rule 55.2[] may be found elsewhere on the docket does not absolve a movant of their responsibility to attach copies to their moving papers." *Colledge*, 2023 WL 5152300, at *3.

Because of these repeated and/or newly identified procedural deficiencies, the Court respectfully recommends that the Renewed Motion should be denied.

### C.   Substantive Deficiencies

The Renewed Motion also repeats the substantive errors that were fatal to the First Motion. As the Court stated in the Report and Recommendation, the Amended Complaint's "barebones allegations, 'without any factual details addressing defendants' interstate activities, fail to establish that plaintiff was personally engaged in the production of goods for commerce'" sufficient to establish individual coverage under the FLSA. *Baez I*, 2024 WL 4093473, at *5 (quoting *Santacruz v. Blok Chocolatier LLC*, No. 19-CV-544 (EK)(SJB), 2021 WL 4341103, at *4 (E.D.N.Y. June 23, 2021), *adopted by* 2021 WL 4340963 (E.D.N.Y. Sept. 23, 2021) and citing *Payamps v. M & M Convenience Deli & Grocery Corp.*, No. 16-CV-4895 (LDH)(SJB), 2018 WL 3742696, at *5 (E.D.N.Y. May 18, 2018), *adopted by* Order Adopting R. & R., *Payamps v. M & M Convenience Deli & Grocery Corp.*, No. 16-CV-4895 (LDH)(SJB) (E.D.N.Y. Mar. 31. 2020)). Further, "[t]he Amended Complaint fails to provide additional facts about the nature of Mi Pueblo's business, the type of merchandise or customers they service, or how these products or accounts connect to interstate commerce" sufficient to establish that Mi Pueblo is an enterprise subject to the FLSA. *Baez I*, 2024 WL 4093473, at *6 (citing *Tene v. Neuehaus Studios Inc.*, No. 23-CV-2040 (NRM)(MMH), 2024 WL 1270816, at *5 (E.D.N.Y. Mar. 26, 2024) (collecting cases), *adopted by* Order Adopting R. & R., *Tene*

*v. Neuehaus Studios Inc.*, No. 23-CV-2040 (NRM)(MMH) (E.D.N.Y. Sept. 20, 2024)). The Renewed Motion does not acknowledge or even attempt to address these deficiencies. Accordingly, the Amended Complaint still fails to state a claim for which relief can be granted under the FLSA. The Court may not enter default judgment where the factual allegations in the operative pleading fail to establish liability as a matter of law. *See Finkel*, 577 F.3d at 84–87 (affirming denial of default judgment against individual defendant where plainitff failed to allege defendant's fiduciary status, an essential element of plaintiff's ERISA claim); *see also Nielsen*, 2024 WL 3518523, at *2 (denying default judgment against defendant where plaintiff failed to allege one of three essential elements of plaintiff's USERRA claim). And because Plaintiff fails to state a cause of action under federal law, the Court still has no basis to exercise supplemental jurisdiction over the remaining state law claim. *See Baez I*, 2024 WL 4093473, at *3–7. Therefore, the Court respectfully recommends that the Renewed Motion should be denied on substantive grounds.

### D. Denial with Prejudice

"Although Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend shall be freely given when justice so requires, it is within the sound discretion of the district court to grant or deny leave to amend." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007) (internal quotation marks and citation omitted). "A district court has discretion to deny leave for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party." *Id.*

Here, Plaintiff declined an opportunity to amend the pleadings after a painstaking analysis of the deficiencies in the Amended Complaint. *See Baez I*, 2024 WL 4093473, at *7. Specifically, Plaintiff did not object to the Report and Recommendation and did not amend the

8

operative, deficient pleading within the deadlines set by the Court. Instead, Plaintiff filed the Renewed Motion directed to the Court of Clerk, seemingly in attempt to evade judicial scrutiny of the Amended Complaint. Because Plaintiff disregarded the Court's orders, denial with prejudice and without leave to amend is warranted. *See Edelman v. United States Gov't*, No. 18-CV-2143(JS)(SIL), 2022 WL 2390987, at *14 (E.D.N.Y. July 1, 2022) (denying leave to amend after *pro se* plaintiff's third amended pleading because plaintiff "disregarded the Court's instruction and, rather than attempt to cure the noted deficiencies, Plaintiff largely re-filed those claims"); *Garden City Boxing Club, Inc. v. Borinquen 444 Ass'n, Inc.*, No. 05-CV-3691 (ARR)(RML), 2008 WL 842452, at *3 (E.D.N.Y. Mar. 28, 2008) (adopting report and recommendation and denying second default judgment with prejudice where "plaintiff's counsel failed to take [the district judge's] admonitions seriously" and "it [was] clear that plaintiff did not take advantage of the opportunity it was given to cure the glaring deficiencies in its first motion for default judgment"); *accord U.S. Bank Nat'l Ass'n as Tr. for RMAC Tr., Series 2016-CTT v. Swezey*, No. 20-CV-91 (FB)(RLM), 2022 WL 1422841, at *9 (E.D.N.Y. Mar. 24, 2022) (partially denying damages requested in second default judgment motion where plaintiff failed to cure deficiencies previously identified by the Court in first default judgment motion), *adopted by* 2022 WL 2390989 (E.D.N.Y. July 1, 2022). Accordingly, the Court respectfully recommends that the Renewed Motion should be denied with prejudice and without leave to amend.

### III. CONCLUSION

For the foregoing reasons, the Court respectfully recommends that Plaintiff's "Request for Sum Certain Default Judgment" at ECF No. 23 should be **denied with prejudice**.

A copy of this Report and Recommendation is being served on Plaintiff via ECF. The Clerk of Court is respectfully directed to mail a copy of this Report and Recommendation to each Defendant at the following address forthwith: 1130 Linwood Street, Brooklyn, NY 11208.

Within 14 days of service, any party may serve and file specific written objections to this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). Any requests for an extension of time to file objections shall be directed to Judge Reyes. If a party fails to object timely to this Report and Recommendation, it waives any right to further judicial review of this decision. *See Miller v. Brightstar Asia, Ltd.*, 43 F.4th 112, 120 (2d Cir. 2022).

**SO ORDERED.**

Brooklyn, New York
September 15, 2025

/s/Marcia M. Henry
MARCIA M. HENRY
United States Magistrate Judge